## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

-----------------------------------------------------X
                                 :         **Civil Action No. 09-4328 (PGS)**

**Michael Williams Consulting LLC,**    :

       **Plaintiff,**            :

                                 :         **REPORT AND RECOMMENDATION**

       v.                  :

                                 :         June 30, 2010

                                 :

**Wyckoff Heights Medical Center,**    :

       **Defendant.**           :
-----------------------------------------------------X

**SALAS, UNITED STATES MAGISTRATE JUDGE:**

## I. INTRODUCTION

According to the Complaint, Plaintiff, Michael Williams Consulting, LLC ("MWC"), provided temporary staffing services in the information technology ("IT") field to Defendant, Wyckoff Heights Medical Center ("Wyckoff"), from April 2007 to February 2009. MWC had written agreements with the "consultants" that it staffed at Wyckoff that restricted them from working for MWC clients for 12 months following an assignment. MWC alleges that it ended its relationship with Wyckoff because of Wyckoff's failure to make timely payments. MWC also alleges that Wyckoff has since hired MWC consultants despite knowledge of the agreements between MWC and its consultants and the restrictive covenants contained therein. To that end, Plaintiff brings this action for breach of contract, unjust enrichment, and tortious interference with contract against Wyckoff. On December 18, 2009, Wyckoff filed a motion to dismiss this case or,

alternatively, a motion to transfer, due to lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), and 28 U.S.C. § 1406(a). The Court now agrees with Defendant that it lacks jurisdiction over Wyckoff and presents its finding to the Hon. Peter G. Sheridan via Report and Recommendation, urging dismissal. Because this Court finds that it does not have personal jurisdiction over Wyckoff, the Court need not reach the issues of venue or transfer.

## II. BACKGROUND

According to the facts as pled in the Complaint, Wyckoff is a not-for-profit corporation and teaching hospital that has provided medical care since 1889. (*See* Docket Entry No. 1, the "Complaint", at ¶ 9). The Complaint also alleges that Wyckoff is a citizen of the State of New York which maintains its principal place of business at 374 Stockholm Street, Brooklyn, New York 11237. (*See id.* at ¶ 8).

MWC is a New Jersey limited liability company that provides, among other things, additional staff with experience in the IT field, its "consultants", to clients on a temporary or temporary-to-hire basis. (*See id.* at ¶¶ 11-12). In or around April 2007, Wyckoff and MWC entered into an agreement for MWC to provide its IT staffing services to Wyckoff. (*See id.* at ¶ 16). From April 2007 to February 2009, MWC staffed at least 35 consultants at Wyckoff. (*See id.* at ¶ 17). On or about February 11, 2009, MWC ended its business relationship with Wyckoff as a result of Wyckoff's alleged failure to make timely payments for its services. (*See id.* at ¶ 21). MWC alleges that Wyckoff has failed to make payment for all services rendered by MWC. (*See id.* at ¶ 22). MWC also alleges that Wyckoff hired MWC consultants after February 11, 2009 and employed the consultants despite knowledge of restrictive covenants in agreements between MWC and its consultants that prohibit the consultants from working with any MWC client for 12 months

-2-

following the end of an assignment with the client. (*See id.* at ¶¶ 15, 24-25).

On August 24, 2009, Plaintiff filed the instant Complaint seeking damages for breach of contract (Count One), unjust enrichment (Count Two), and tortious interference with contract (Count Three). (*See generally* Complaint). On December 18, 2009, Defendant responded to the Complaint by filing a motion to dismiss or, alternatively, a motion to transfer. (*See* Docket Entry No. 7). Defendant asserts that (1) the Court cannot exercise personal jurisdiction over Wyckoff; and (2) the District Court for the District of New Jersey is an improper venue for this lawsuit. *(See generally* Memorandum of Law in Support of Defendant Wyckoff Heights Medical Center's Motion to Dismiss Pursuant to Rules 12(b)(2), 12(b)(3) and 28 U.S.C. § 1406(a) ("Def. Brief")). Because this Court finds that it does not have personal jurisdiction over Wyckoff, the Court urges that the case be dismissed.

## III.  PERSONAL JURISDICTION OVER WYCKOFF

### A.  The 12(b)(2) Standard

When a defendant attacks the court's jurisdiction, the plaintiff shoulders the burden of demonstrating that jurisdiction is proper. *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Id.* (citation and internal quotation marks omitted). Plaintiff must sustain its burden by establishing facts through sworn affidavits or other evidence; reliance on the bare pleadings is not enough. *Patterson v. FBI*, 893 F.2d 595, 603-604 (3d Cir. 1990). If the plaintiff meets its burden, the burden shifts to the defendant, who must make a compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at

1226 (internal citations omitted).

## B.     Framework

Under Federal Rule of Civil Procedure 4(k), personal jurisdiction over non-resident defendants may only be exercised to the extent that it is authorized by the laws of the state in which the federal court sits. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long arm statute permits jurisdiction over a non-resident defendant to the extent that is permitted by the Constitution. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether sufficient minimum contacts exist, the court looks at "the relationship among the defendant, the forum, and the litigation." *Pinker v. Rosche Hold.*, 292 F.3d 361, 368 (3d Cir. 2002).

Personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 8 & 9 (1984). A court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. *Id.* at 415, n. 9. The plaintiff must show "significantly" more than mere minimum contacts with the forum state. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Moreover, the facts required to establish general jurisdiction must be extensive and persuasive. *See Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982)

On the other hand, in *O'Connor*, the Third Circuit set forth the following framework to

-4-

determine if specific jurisdiction is present: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. 496 F.3d at 317 (internal citations and quotation omitted). To establish specific jurisdiction, a plaintiff need not show that the defendant(s) be physically located in the state while committing the alleged act(s). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). Nor is jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). Instead, a single act may satisfy minimum contacts if it creates a substantial connection with the forum. *See Burger King Corp.*, 471 U.S. at 476 n.18.

Regardless of whether a court exercises specific or general jurisdiction, it must be established that the defendant "has purposefully directed its activities toward the residents of the forum state, ... or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *IMO Idus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Plaintiff argues that this Court may exercise both general and specific personal jurisdiction over Wyckoff.

## C.     Analysis

### i.     The Court lacks general jurisdiction over Wyckoff

Plaintiff argues that Wyckoff has had systematic and continuous contacts with New Jersey resulting in general jurisdiction based on Wyckoff's contact with MWC through mail, phone calls, and emails directed to New Jersey, Wyckoff's alleged direction that MWC hire at least five individuals for placement at Wyckoff, and MWC's performance of its obligations under the

agreement in New Jersey. *(See* Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss ("Pl. Brief") at 2-3, 5-6). Plaintiff's arguments are unavailing.

Plaintiff fails to demonstrate the level of contacts with New Jersey necessary for this Court to exercise general jurisdiction over Wyckoff. All of the alleged contacts relate to the relationship between MWC and Wyckoff. Although, as Plaintiff states, "where Wyckoff is geographically located is not dispositive of this threshold jurisdictional issue" (*see* Pl. Brief at 3), Plaintiff has made no factual allegations to contradict Defendant's statements that it does not advertise or do business in New Jersey outside of its relationship with MWC, nor does it have any offices, records, or assets in New Jersey (*see* Def. Brief at 11). General jurisdiction exists only when contacts are sufficient to establish "personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Covenant Bank for Savings v. Cohne*, 806 F. Supp. 52, 55 (D.N.J. 1992). That is not the case here.

Notably, the Third Circuit has held that the mere fact that an out-of-forum entity derives substantial revenue or other resources from a particular forum is not enough to confer general jurisdiction. *See Gehling v. St. George's School of Med. Ltd.*, 773 F.2d 539, 543-44 (3d Cir. 1985). *Gehling* was a wrongful death action brought by the parents of a student who attended St. George's University School of Medicine in Grenada, West Indies. *See id.* at 540. The parents argued that because six percent of St. George's students matriculating with their son came from Pennsylvania (and the school earned significant revenue from Pennsylvania as a result), general jurisdiction should lie. *Id*. at 41. The Third Circuit rejected the argument.

A hospital draws employees from across several states. Even if the Plaintiff could claim that these employees indirectly bring it revenue, drawing employees from New Jersey does not subject

Wyckoff to general jurisdiction. Merely because one state allegedly sends resources to a company in another forum does not automatically render the first state a suitable forum for jurisdictional purposes. The acceptance of resources, here a relatively small number of employees for the hospital, cannot, under traditional notions of fair play and substantial justice, subject Wyckoff to jurisdiction in New Jersey for any cause of action.

Plaintiff's arguments regarding Wyckoff's alleged mail, phone calls, and emails directed to MWC in New Jersey are equally unavailing to demonstrate general jurisdiction. The Third Circuit has established that "telephone communications or mail sent by a defendant [do] not trigger personal jurisdiction if they 'do not show purposeful availment.'" *Machulsky v. Hall*, 210 F.Supp.2d 531, 539 (D.N.J. 2002) (quoting *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 729 (E.D.Pa. 1999) and *Mellon Bank*, 983 F.2d at 556). Evidence of communications will not establish general jurisdiction without other evidence in favor. *Leja v. Schmidt Manufacturing, Inc.*, No. 01-5042, 2005 WL 1366533 at *9 (D.N.J. June 7, 2005).

The record before the Court shows that Wyckoff has little connection to New Jersey. Therefore, Plaintiff has failed to meet its burden to establish that Wyckoff has systematic or continuous contacts with New Jersey or that Wyckoff purposefully availed itself of New Jersey's laws.[1] Accordingly, general jurisdiction cannot lie.

### ii. The Court lacks specific jurisdiction over Wyckoff

MWC relies on the same factual allegations to substantiate both its arguments in support of

---

[1] Although Plaintiff made an argument on the record on June 30, 2010 that Wyckoff has also worked with another consulting company in New Jersey to meet its staffing needs and that this supports Plaintiff's claim that the Court has general jurisdiction over Wyckoff, this argument was not briefed and the Court finds that it has no merit in any event.

general jurisdiction and those in support of specific jurisdiction. In support of its argument that this Court has specific jurisdiction over Wyckoff, Plaintiff relies on cases which involved far more substantial ties with New Jersey than are present here. *See Telcordia Tech Inc. V. Telkom SA Ltd.*, 458 F.3d 172 (3d Cir. 2006); *Synergy, Inc. v. Manama Textile Mills, W.L.L.*, No. 06-4129, 2008 WL 6839033 (D.N.J. Feb. 19, 2008); *XL Speciality Ins. Co. V. Westmoreland Coal Co.*, No. 06-1234, 2006 WL 1783962 (D.N.J. June 26, 2006). These cases, however, are distinguishable from the facts in the instant matter. In *Telcordia*, the defendant had entered into a quarter-billion dollar contract with a New Jersey company (far more central to its business than the agreement between MWC and Wyckoff was to Defendant), visited New Jersey on numerous occasions regarding the contract (which Wyckoff did not), communicated "extensively" with the New Jersey office (a level of communication not shown here), and paid the plaintiff through a New Jersey Bank (a factor not present here). 458 F.3d at 177-78. Similarly, in *Synergy*, significant contacts existed in addition to the agreements, payments under the agreements, and communications between the parties to justify personal jurisdiction. The defendant shipped customized products to New Jersey and also retained attorneys and agents in New Jersey to facilitate the agreements. 2008 WL 6839033 at *5. That is not the case here. Finally, in *XL Specialty*, not only were there several meetings between the parties in New Jersey, but the case was transferred from the Southern District of New York to the District of New Jersey with the defendant's consent. The court found that for the defendant to agree to venue in New Jersey and then argue lack of personal jurisdiction was "disingenuous." 2006 WL 1783962 at *9-10.

Plaintiff also cites to *Mellon Bank*, arguing that the case is analogous because the defendants there also "reach[ed] out beyond one state and create[d] continuing relationships and obligations with citizens of another state." (Pl. Brief at 12-13 (citing *Mellon Bank*, 960 F.2d at 1223)). In addition

to other contacts, however, the court in *Mellon Bank* relied heavily on the fact that the defendants sought out Mellon for financing and even "offered their personal guaranties as an inducement to Mellon to make the loan." *Id*. at 1219, 1223. As Plaintiff states, "Mellon did not approach the borrowers seeking to lend money nor did Mellon initially request the guaranties; the defendants approached Mellon and through this contact established a business relationship with a Pennsylvania entity. (Pl. Brief at 12). In contrast, here MWC initiated the relationship with Wyckoff through account representative Paul Ciccone. MWC reached out and created the continuing relationship - not Wyckoff.[2]

Unlike in the cases cited by Plaintiff, the consultants provided by MWC worked exclusively in New York, and Wyckoff has no agents in New Jersey. As Plaintiff states, the Court must consider the negotiations between the parties, contemplated future consequences, and the parties' dealings. Here, none of these are sufficient to demonstrate that exercising jurisdiction comports with notions of fair play and substantial justice. In sum, Wyckoff has had little contact with New Jersey, including no more than some phone calls, emails, and letters relating to MWC staffing temporary workers at Wyckoff's facility in New York. "Minimal correspondence alone will not satisfy minimum contacts." *Machulsky*, 210 F.Supp.2d at 539-40 (quoting *Barrett*, 44 F.Supp.2d at 729). Thus, Plaintiff has failed to make the requisite showing of Wyckoff's minimum contacts with New Jersey, and specific jurisdiction is not proper.

There is one additional piece to this analysis of specific jurisdiction. Under the *Calder* effects

---

[2] Because Plaintiff did not explain how the business relationship between MWC and Wyckoff began in support of its burden to establish that jurisdiction is proper, the Court heard telephonic oral argument on June 30, 2010 to resolve this issue. This information was established during that proceeding.

test, "an intentional tort directed at the plaintiff and having sufficient impact upon it in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 260 (3d Cir. 1998) (internal citation omitted); *see Calder v. Jones*, 465 U.S. 783 (1984). Applying the *Calder* test for the first time to business torts, the court in *IMO* established a three prong test that requires the plaintiff to show that: (1) the defendant committed an intentional tort; (2) the plaintiff "felt the brunt of the harm" in the forum such that the forum is the focal point of the harm; and (3) "[t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *IMO*, 155 F.3d at 265-66.

Plaintiff here alleges that Wyckoff committed an intentional tort, and the fact that Plaintiff's principal place of business is in New Jersey indicates that it "felt the brunt of the harm" in New Jersey, making New Jersey the focal point of the harm. *See Voltaix v. Nanovoltaix, Inc.*, No. 09-142, 2009 WL 3230887 at *3 (D.N.J. Oct. 1, 2009). The Plaintiff cannot, however, meet the third prong of the test. While a plaintiff's residence in the forum may "enhance defendant's contacts with the forum," *Calder* did not create an exception for intentional torts to permit a plaintiff to sue in its home forum. *IMO*, 155 F.3d at 265. There is no evidence that Wyckoff aimed its allegedly tortious conduct at the forum - as opposed to at the Plaintiff. *See Fantis Imports, Inc. v. Hellas Import, LTD.*, No, 07-0544, 2008 WL 1790425 at *5-6 (Apr. 18. 2008) (finding that plaintiff failed to meet the third prong where it failed to "recognize the distinction between conduct directed at a corporation in New Jersey, and conduct directed at a corporation, which is fortuitously located in New Jersey").

Based on the above analysis, it is this Court's recommendation that Wyckoff be dismissed

from this action for lack of personal jurisdiction.[3]

## V.  CONCLUSION

For the foregoing reasons, this Court respectfully recommends to Judge Sheridan that Wyckoff's motion to dismiss this case or, alternatively, motion to transfer, due to lack of personal jurisdiction and improper venue be granted.  Pursuant to Local Civil Rule 72.1, the parties have ten days from receipt of this Report and Recommendation to file and serve any objections.

s/ Esther Salas
**HON. ESTHER SALAS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff does not here request a transfer in lieu of dismissal and instead states, "This action should not be dismissed or, for that matter, transferred under Rules 12(b)(2) or (3) or 28 U.S.C. § 1406(a) because this forum is a constitutionally appropriate forum for this action."  (Pl. Brief at 19).